NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINISOHN CHIROPRACTIC & ACUPUNTURE CENTER, LLC, and ESTATE OF ERIC MINISOHN, DC, LAC, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and ABC ENTITIES I-X, <br><br> Defendants. | Civil Action No. 23-01341 (GC) (TJB) <br><br> **OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendant Horizon Blue Cross Blue Shield of New Jersey's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 4.) Plaintiffs Minisohn Chiropractic and Acupuncture Center, LLC, and the estate of Eric Minisohn opposed, and Defendant replied. (ECF Nos. 6 & 8.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**. Plaintiffs shall have thirty (30) days to file an amended complaint to the extent they can remedy the pleading defects identified herein.

**I.     BACKGROUND**

This is a dispute over denied claims for health benefits stemming from chiropractic and acupuncture services performed by the late Eric Minisohn.

A. FACTUAL BACKGROUND[1]

Dr. Minisohn was a licensed chiropractic physician as well as a licensed acupuncturist in the State of New Jersey. (ECF No. 1-1 at 3 ¶ 4.[2]) He formed Minisohn Chirporactic and Acupuncture Center, LLC, to perform chiropractic and acupuncture services within the scope of practice of each license. (*Id.* ¶ 5.) Shortly after forming Minisohn Chiropractic, Dr. Minisohn attempted to inform Horizon Blue Cross Blue Shield of New Jersey of his dual licensure status so that he could be reimbursed for the services he performed on patients. (*Id.* at 3-4 ¶ 6.) Despite Dr. Minisohn's numerous phone calls, emails, and the submissions of W-9s, Horizon did not recognize Dr. Minisohn's dual licensure status and did not set up Minisohn Chiropractic as a multidisciplinary practice in its claims system. (*Id.* at 4 ¶¶ 7-9.) Horizon then denied "clean claims for multiple years . . . with no basis for" the denials. (*Id.* ¶ 10.)

On or about August 24, 2020, Dr. Minisohn, through counsel, sent Horizon's legal department a certified letter expressing his concerns regarding his inability to establish his company in Horizon's claims payment system and the impact it was having on "his practice's financial status." (*Id.* at 4 ¶ 11, *id.* at 9-10.) Four months later, on or about December 30, 2020, Dr. Minisohn sent a follow-up letter reiterating his concerns and noting that he had begun to receive payments, under the wrong "tax id," for acupuncture services. (*Id.* at 5 ¶ 12; *id.* at 12-13.) Rather than address Dr. Minisohn's concerns, Horizon sent a notice of recoupment that "attempt[ed] to claw back the few claims it did pay." (*Id.* at 5 ¶ 13.) Dr. Minisohn filed a notice of appeal, challenging Horizon's attempt to recoup funds. (*Id.* at 14-16.)

---

[1]     On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On March 21, 2022, Dr. Minisohn passed away from an aggressive brain tumor. (*Id.* at 5 ¶ 15.) Dr. Minisohn's mother, Pearl Minisohn, is the executrix of his estate and acting managing member of Minisohn Chiropractic. (*Id.* ¶¶ 15-16.) Horizon is alleged to owe over $250,000.00 plus interest in claims rightfully due for services Dr. Minisohn rendered to patients between May 1, 2019, and March 2022. (*Id.* ¶ 14.)

### B. Procedural Background

On February 8, 2023, Minisohn Chiropractic and Dr. Minisohn's estate, through its executrix, filed suit in the Superior Court of New Jersey, Law Division, Monmouth County. (ECF No. 1-1.) They allege that Dr. Minisohn's patients are subscribers to health benefits plans issued and/or administered by Horizon and that Minisohn Chiropractic "entered written assignment of benefits agreement[s] with the . . . [Horizon] subscribers of their contractual rights under the policy of group health insurance . . . and is, thus, . . . empowered to bring a civil action against [Horizon] as a 'participant or beneficiary.'" (*Id.* at 2-3 ¶¶ 1-2.) Plaintiffs assert two counts. Count One is for unpaid claims under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act ("ERISA"). (*Id.* at 5-6 ¶¶ 17-21.) Count Two is for common law breach of contract. (*Id.* at 7 ¶¶ 1-4.)

On March 10, 2023, Horizon removed the action from state court based on federal question jurisdiction. (ECF No. 1.) On April 17, 2023, Horizon then moved to dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 4.) Plaintiffs opposed on May 1, and Horizon replied on May 8. (ECF Nos. 6 & 8.)

### II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts

to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

#### A. STANDING

Horizon argues that Plaintiffs lack statutory standing to pursue their claims under ERISA because the Complaint "is devoid of any factual support" for Plaintiffs' contention that they have been assigned patients' claims for benefits under ERISA. (ECF No. 4-1 at 10.) Horizon submits that "a single, conclusory allegation that Minisohn 'has entered written assignment of benefits' . . . is insufficient . . . to establish derivative standing to bring an ERISA claim." (*Id.* at 11-12.) In opposition, Plaintiffs argue that the motion to dismiss should be denied because they "have plead that they have assignment of benefits for the Horizon plans at issue provided by their patients that are Horizon subscribers." (ECF No. 6 at 9.) They write that they will produce any assignments of benefits in discovery and that they should not be required to plead anything more "at this juncture." (*Id.*)

4

"ERISA is a 'comprehensive legislative scheme' designed to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries.'" *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 449 (3d Cir. 2018) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). To do so, "ERISA provides employees covered by such plans with the right to sue to 'recover benefits due . . . under the terms of [the] plan.'" *Id.* (quoting 29 U.S.C. § 1132(a)(1)(B)). Although ERISA does not enable a healthcare provider to sue for benefits as a "participant" or "beneficiary" in a plan, "a valid assignment of benefits by a plan participant or beneficiary transfers to such a provider both the insured's right to payment under a plan and his right to sue for that payment." *Id.* at 450; *see also N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) ("We hold that as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment.").

To plausibly plead that there has been "a valid assignment of benefits" under ERISA, district courts in the Third Circuit have ruled that a healthcare provider ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s).[3]

---

[3] Although Rule 12(b)(1) ordinarily governs motions to dismiss for lack of standing, the United States Court of Appeals for the Third Circuit has clarified that whether a party "has gained derivative status involves a merits-based determination. . . . Therefore, [a] motion to dismiss [i]s properly filed under Rule 12(b)(6)." *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371 n.3. In any event, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.*

In *Dual Diagnosis Treatment Center, Inc. v. Horizon Blue Cross Blue Shield of New Jersey*, for example, the plaintiffs (for-profit substance abuse and mental health treatment centers) brought suit against Horizon for unpaid out-of-network behavioral treatment services that the plaintiffs rendered to patients allegedly insured under Horizon's employee benefit plans. Civ. No. 20-15285, 2021 WL 2886085, at *1 (D.N.J. July 9, 2021). Horizon moved to dismiss for lack of standing, arguing that even though the plaintiffs alleged that they had obtained valid benefits assignments from patients, the allegations were conclusory and did not plausibly plead that a valid assignment was granted. *Id.* at *2. Judge Wigenton concurred with Horizon, finding that plaintiffs bear the "burden to . . . establish[] that the standing requirements are met," which means that they must plead sufficient factual matter to plausibly infer that a healthcare provider is an "authorized assignee[] for a[] specific [p]atient[]." *Id.* at *3. Judge Wigenton wrote that absent specific factual allegations that establish that plaintiffs are "proceeding pursuant to an appropriate assignment of benefits," a court "cannot conclude that there is standing." *Id.* (quoting *Emergency Physicians of St. Clare's v. United Health Care*, Civ. No. 14-404, 2014 WL 7404563, at *10 (D.N.J. Dec. 29, 2014)). After the plaintiffs in *Dual Diagnosis* amended their complaint, Judge Wigenton again dismissed for lack of standing because the complaint "still fail[ed] to provide plausible [allegations] that each of the [p]laintiffs [wa]s an assignee for the [p]atients," underscoring that it "remain[ed] unclear whether . . . [several of the plaintiffs] [we]re authorized assignees for any specific [p]atients." 2022 WL 1156760, at *3 (D.N.J. Apr. 19, 2022), *appeal dismissed*, 2022 WL 16945901 (3d Cir. Oct. 26, 2022).

In another example, *Association of New Jersey Chiropractors, Inc. v. Data Isight, Inc.*, Judge Vazquez considered whether the plaintiffs (licensed chiropractors and a corporation promoting the interests of chiropractors) had standing to sue health insurers for underpaying medical services in contravention of applicable ERISA plan documents. Civ. No. 19-21973, 2020

WL 4932458, at *2 (D.N.J. Aug. 24, 2020).  The health insurers argued that a licensed chiropractor cannot establish derivative standing via an assignment when the chiropractor "fail[s] to identify any specific patients that assigned their rights."  *Id.* at *4.  Judge Vazquez agreed in part, concluding that when the plaintiffs are "seeking monetary damages for alleged underpayment related to specific patients[,] . . . then [p]laintiffs would be required to plead sufficient facts to establish which patients were at issue."  *Id.* at *4.  When, however, plaintiffs seek to alter "billing practices generally," then "specific patient names" are not required to state a claim.  *Id.*

And in *Emergency Physicians of St. Clare's, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, the plaintiffs (providers of emergency medical services) alleged that Horizon and other health insurers underpaid for emergency medical services that the plaintiffs had provided to patients.  Civ. No. 19-12112, 2020 WL 2079286, at *1 (D.N.J. Apr. 30, 2020).  Judge Cecchi dismissed the ERISA claims, finding that the plaintiffs had not adequately alleged the existence of valid assignments nor how the defendants had violated "specific terms of their patients' ERISA plans."  *Id.* at *3.  Summarizing precedent from the District of New Jersey, Judge Cecchi emphasized that the plaintiffs had not attached any assignments of benefits from any patients as exhibits to the complaint; had not indicated whether the assignment form they used was the same for all patients; did not quote from any assignments; and "otherwise provide[d] no details as to the terms, limitations, or specifics of the alleged assignments."  *Id.* at *3-4.

Other district courts in this Circuit to have considered whether healthcare providers have derivative standing to bring ERISA claims have reached the same conclusion as those cases cited above, that is, "a conclusory statement merely alleging that a provider was assigned plan benefits from its patients does not plausibly demonstrate standing."  *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, Civ. No. 16-01649, 2017 WL 751851, at *5 (D.N.J. Feb. 27, 2017); *see also NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey*,

7

*Inc.*, 979 F. Supp. 2d 513, 523 (D.N.J. 2013) (McNulty, J.) ("Here, the complaint alleges no more than that 'the Patients provided assignments of benefits to the Plaintiffs.' That conclusory allegation . . . falls short of what is required to withstand a motion to dismiss.").

Based on the above-cited case law, the Court finds that Plaintiffs here (who are seeking monetary damages for alleged underpayment related to specific patients) have not plausibly alleged the existence of valid assignments to establish derivative standing to bring claims on their patients' behalf under ERISA. The Complaint does not identify any specific patient who has allegedly assigned their claims to Plaintiffs nor does it plead any factual detail as to the terms, limitations, or specifics of the alleged assignments. Instead, the Complaint asserts in conclusory fashion that Minisohn Chiropractic "has entered written assignment of benefits agreement[s] with . . . [Horizon] subscribers of their contractual rights under the policy of group health insurance issued by [Horizon]." (ECF No. 1-1 at 2 ¶ 2.) This solitary allegation is inadequate, and the Court will not depart from the well-reasoned precedent of its sister courts, particularly when Plaintiffs have not cited to any relevant authority in opposition.[4] Accordingly, Plaintiffs' ERISA claims are dismissed in their entirety without prejudice.

### B. COUNT ONE—UNPAID BENEFITS AND BREACH OF FIDUCIARY DUTY

In addition to lack of standing, Horizon contends that Plaintiffs' ERISA claims for unpaid benefits and breach of fiduciary fail on alternative grounds. As to the claim for unpaid benefits, Horizon argues that it must be dismissed because the Complaint does not "identify a single plan or provision that Minisohn contends Horizon breached. Instead, the Complaint alleges only that

---

[4] To the extent Plaintiffs are concerned about patient privacy, they may either seek permission to file with the names under seal or use patients' initials in publicly filed documents, which is commonplace in the ERISA context. *See, e.g.*, *California Spine & Neurosurgery Inst. v. Blue Cross of California*, Civ. No. 22-03782, 2023 WL 6226370, at *1 (N.D. Cal. Sept. 22, 2023) ("SJN identified the patients at issue (by their initials) and specifically alleged their respective ERISA plan that was administered/and or underwritten by Anthem.").

Horizon denied an unidentified number of claims for unidentified patients under unidentified plans in violation of unidentified provision[s] of those plans." (ECF No. 4-1 at 13.) These spartan allegations, Horizon insists, fall short of the *Iqbal*/*Twombly* pleading standards, which require sufficient factual matter to state a claim that is plausible on its face. (*Id.* at 15.) As to the claim for breach of fiduciary duty, Horizon argues that it is duplicative of the claim for unpaid benefits and that Plaintiffs have not "allege[d] *anything* in support of a claim that Horizon breached . . . duties" of loyalty and care. (*Id.* at 15-16.) In opposition, Plaintiffs do not meaningfully respond to these points or the case law cited by Horizon. They merely assert that "Horizon has all of this information [about plan provisions] in its custody and control as the Plan sponsor or issuer." (ECF No. 6 at 10.)

Although the Court has already dismissed the ERISA claims in Count One for lack of standing, it agrees with Horizon that to avoid dismissal of these claims a second time, Plaintiffs should "identify specific terms of the plans that were violated." *Emergency Physicians of St. Clare's, LLC*, 2020 WL 2079286, at *4; *see also Hudson Hosp. OPCO, LLC v. Cigna Health & Life Ins. Co.*, Civ. No. 22-4964, 2023 WL 6439893, at *4 (D.N.J. Oct. 3, 2023) ("In order to plead sufficient facts to state a claim for relief, the plaintiff must identify a specific provision of the plan for which a court can infer this legally enforceable right."). And though some courts are hesitant to dismiss claims for breach of fiduciary duty that are plead in the alternative to well-plead claims for unpaid benefits, the Court expresses concern about Plaintiffs' failure to specify what alleged conduct breached Horizon's fiduciary duties and how, if at all, the breach of fiduciary duty claim differs from the claim for unpaid benefits. *See Shapiro v. Aetna, Inc.*, Civ. No. 22-1958, 2023 WL 4348601, at *5-6 (D.N.J. June 5, 2023) ("Some courts in this district have found that . . . it is . . . premature to dismiss § 502(a)(3) claims alleged in the alternative on a motion to dismiss, before it is clear whether the plaintiff may attain adequate relief under § 502(a)(1). . . . Other courts have

9

found that . . . § 502(a)(3) claims alleged in the alternative to § 502(a)(1) claims should be dismissed, particularly where such claims are duplicative.").

### C. COUNT TWO—BREACH OF CONTRACT

Finally, because the Court has dismissed the ERISA claims upon which its subject-matter jurisdiction is predicated and because neither party alleges that there is diversity jurisdiction, the Court need not reach Plaintiffs' common law breach of contract claim, and the Court declines to exercise supplemental jurisdiction in light of the relatively early stage of this litigation.  *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

Nevertheless, even if the Court were inclined to reach the contract claim, Plaintiffs have not identified a specific contractual term that was allegedly breached by Horizon; Plaintiffs simply allege that Horizon breached its "contracts of health insurance" by, among other things, "improperly denying claims" and "partially paying" claims.  (ECF No. 1-1 at 7 ¶¶ 1-4.)  This does not rise to the level of a plausible claim.  To state a claim for breach of contract, plaintiffs must "plead or otherwise identify a contractual provision, requirement, or duty . . . breached" and cannot rely solely on an alleged "general obligation" without tying it to a specific contractual provision. *Perry v. Nat'l Credit Union Admin.*, 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021); *see also Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC*, Civ. No. 12-2879, 2012 WL 3835815, at *7 (D.N.J.

Sept. 4, 2012))). If Plaintiffs reassert their breach of contract claim in an amended pleading, they should identify a contractual provision(s) that gives rise to this common law claim.[5]

IV. **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss Plaintiffs' Complaint is **GRANTED**. An appropriate Order follows.

Dated: November 29, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[5] Although not raised at this juncture, the Court also questions whether the common law claim would be preempted by ERISA. *See, e.g.*, *Robinson v. Allstate*, Civ. No. 22-6527, 2023 WL 3932852, at *2 (D.N.J. June 9, 2023) ("[S]tate common law claims . . . are within the purview of ERISA's preemption clause if they relate to an ERISA-governed plan.").

11