<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MININSOHN CHIROPRACTIC & ACUPUNCTURE CENTER, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No. 23-01341 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

<u>**CASTNER, United States District Judge**</u>

      This matter comes before the Court on Defendant Horizon Blue Cross Blue Shield of New Jersey's motion to dismiss Plaintiffs Mininsohn Chiropractic & Acupuncture, LLC, and the Estate of Eric Mininsohn, DC, LAC's (collectively, "Mininsohn") amended complaint, under Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6).  (ECF No. 17.)  Mininsohn opposed, and Horizon replied.  (ECF Nos. 22, 23.)  The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Horizon's motion is **GRANTED** in part and **DENIED** in part.

## I.   <u>BACKGROUND</u>

Mininsohn sued Horizon over denied claims for health benefits stemming from chiropractic and acupuncture services performed by the late Eric Mininsohn.[1] (ECF No. 11 at 1-2.[2]) Mininsohn alleges that Dr. Mininsohn's patients assigned Mininsohn Chiropractic their contractual rights as subscribers to health benefits plans "issued and/or administered" by Horizon, permitting Mininsohn to sue Horizon for benefits under the plans.  (*Id.* at 1-2, ¶¶ 1-2.)

Mininsohn's initial complaint included two counts.  Count One was for unpaid claims under the Employee Retirement Income Security Act (ERISA) § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and for breach of fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  (ECF No. 1-1 at 5-6, ¶¶ 17-21.)  Count Two was for common law breach of contract. (*Id.* at 7, ¶¶ 1-4.)

On Horizon's motion, the Court dismissed the initial complaint without prejudice.  (ECF Nos. 4, 9, 10.)  In so dismissing, the Court found that the complaint did not "identify any specific patient who has allegedly assigned their claims to [Mininsohn]" or "plead any factual detail as to the terms, limitations, or specifics of the alleged assignments"—necessary information for Mininsohn to have standing to sue on the patients' behalf under ERISA.  *Mininsohn Chiropractic*, 2023 WL 8253088, at *4.  Mininsohn's fiduciary-duty claim also failed because Mininsohn did not "identify specific terms of the plans that were violated," "what alleged conduct breached Horizon's fiduciary duties," and "how, if at all, the breach of fiduciary duty claim differs from the claim for unpaid benefits."  *Id.* at *5 (citation omitted).  And Mininsohn's breach-of-contract claim

---

[1]     For a full recitation of the procedural and factual background, see the Court's previous opinion at *Mininsohn Chiropractic & Acupuncture Center, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 23-01341, 2023 WL 8253088 (D.N.J. Nov. 29, 2023), or ECF No. 9.

[2]     Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

failed because Mininsohn did not "identif[y] a specific contractual term that was allegedly breached by Horizon." *Id.* Thus, the Court dismissed the initial complaint entirely, giving Mininsohn the opportunity to amend.

Mininsohn timely amended the complaint. In so amending, Mininsohn added details of 12 patient claims for which it seeks reimbursement.[3] (ECF No. 11 at ¶ 3.) It also included a copy of a blank Assignment of Benefits agreement, which describes Mininsohn's alleged right to collect on its patients' medical claims. (*Id.* ¶ 4.) In all other respects, Mininsohn's amended complaint, including its two causes of action, is identical to the initial complaint.

Horizon now moves to partially dismiss the amended complaint, attacking seven of the 12 patient claims for lack of subject-matter jurisdiction or failure to state a claim. (ECF No. 17.)

## II.   **LEGAL STANDARD**

### A.   **Rule 12(b)(1)—Lack of Subject-Matter Jurisdiction**

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations

---

[3]      Though the amended complaint identifies 13 patients by initials and insurance identification number, Horizon contends that one entry is duplicative of another. (ECF No. 17-1 at 8 n.1.) Mininsohn does not dispute Horizon's contention.

in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

**B.      Rule 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted**

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal

4

conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III.  <u>DISCUSSION</u>

Horizon moves to dismiss seven of the 12 patient claims on the following grounds.  (ECF No. 17-1 at 14, 20.)  *First*, TE and JJ were covered by the New Jersey State Health Benefit Plan (SHBP), to which ERISA does not apply; thus, the Court lacks subject-matter jurisdiction over those claims.  Plus, Mininsohn did not follow the SHBP's administrative process of appealing benefit disputes to the State Health Benefits Commission, then to the Superior Court of New Jersey, Appellate Division.  (*Id.* at 15-16, 24.)  *Second*, JT's plan includes an anti-assignment provision, precluding Mininsohn from suing as an assignee to enforce the plan.  (*Id.* at 21-22.)  *Third*, as for GC, who was covered by the Federal Employee Plan (FEP) administered by Horizon in New Jersey, federal regulations required Mininsohn to first exhaust all available United States Office of Personnel Management (OPM) appeals, and then sue OPM, not Horizon.  (*Id.* at 24-25.)  *Finally*, KT, MB, and AL were covered under plans issued or administered by "Empire BCBS," a New York licensee of the Blue Cross Blue Shield Association—not Horizon.  (*Id.* at 25.)

A.    **TE & JJ Claims**

1.    <u>ERISA</u>

Horizon argues that the Court lacks subject-matter jurisdiction over Mininsohn's ERISA-based claims for TE and JJ, because those patients were covered by the SHBP, a state government plan to which ERISA does not apply.  (ECF No. 17-1 at 15.)  The Court agrees.

On a factual attack on subject-matter jurisdiction, such as Horizon's, "the court may consider evidence 'outside the pleadings,' including 'affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction.'"  *Fort v. United States*, Civ. No. 22-583, --- F. Supp. 3d ----, 2024 WL 228935, at *6 (D.N.J. Jan. 22, 2024) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); then *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997)).  "[I]n reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006)).  If a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction.'"  *Id.* (quoting *McCann*, 458 F.3d at 290).

Horizon submits the certification of Donna Ruotola, a Horizon manager of the SHBP.  (Ruotola Cert., ECF No. 17-2.)  Ruotola certifies that TE and JJ "received health benefits through the SHBP, pursuant to which Horizon only provides administrative services," and attaches selected pages from the applicable SHBPs.  (Ruotola Cert. ¶¶ 4-9, Exs. 1-3.)  Mininsohn does not contest the authenticity of the documents submitted with Ruotola's certification; it argues only that the Court should not yet consider documents outside the pleadings.  (*See* ECF No. 22 at 7-9.)  But beyond stating that "no discovery has been done," Mininsohn offers no evidence or further

explanation for his objection.  (*Id.* at 9.)  As a result, Mininsohn does not raise a dispute of material fact over the SHBP documents attached to Ruotola's certification.  So the Court may review them without a hearing.

"The SHBP is a governmental plan established by the State of New Jersey under [N.J. Stat. Ann. §§ 52:14-17.25 *et. seq.*], to which ERISA does not apply."  *In re LymeCare, Inc.*, 301 B.R. 662, 674 (Bankr. D.N.J. 2003) (citing 29 U.S.C. §§ 1003(b), which excludes governmental plans from ERISA, and 1002(32), which defines governmental plans as "plan[s] established or maintained for its employees . . . by the government of any State"); *see Kindred Hosps. E., LLC v. Horizon Healthcare Servs., Inc.*, Civ. No. 17-8467, 2019 WL 643604, at *2 (D.N.J. Feb. 14, 2019) ("The State Plan is completely exempt from the requirements of [ERISA], because it is a 'governmental plan' that is maintained 'by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing.'" (quoting 29 U.S.C. § 1002(32))); *Roche v. Aetna Health Inc.*, Civ. No. 13-3933, 2014 WL 1309963, at *2 (D.N.J. Mar. 31, 2014) ("The Court agrees that federal question jurisdiction under ERISA is lacking because Plaintiff's Complaint raises non-ERISA claims related to her New Jersey State Health Benefits Program." (citing 29 U.S.C. §§ 1003(b)(1) and 1002(32))).  Thus, Mininsohn's ERISA-based claim for TE and JJ must be dismissed.  *See In re LymeCare*, 301 B.R. at 674 (dismissing ERISA-based claims arising from SHBP).

### 2.    Breach of Contract

Next, Horizon argues that the Court also lacks subject-matter jurisdiction over Mininsohn's breach-of-contract claim for TE and JJ, because Mininsohn did not follow the administrative appeals process necessary for pursuing the SHBP benefits.  (ECF No. 17-1 at 15-16.)

"The State of New Jersey offers and finances health benefits to its employees and their family members through the" SHBP. *Kindred Hosps. E.*, 2019 WL 643604, at *1 (citing N.J. Stat. Ann. §§ 52:14-17.25 *et seq.*). "Any funds used to pay out claims under the [SHBP] come from the coffers of the Treasury of the State of New Jersey." *Id.* (citing N.J. Stat. Ann. §§ 52:14-17.30 and 52:14-17.46a). The State uses Horizon to administer the SHBP. (Ruotola Cert. ¶ 5.) *See In re LymeCare*, 301 B.R. at 674 (discussing the State and Horizon's arrangement); *Kindred Hosps. E.*, 2019 WL 643604, at *1 n.2 (same).

The State Health Benefits Commission oversees the health benefits program for the State's employees. N.J. Stat. Ann. § 52:14-17.27. In that role, the Commission developed rules and regulations for administering the SHBP. *See* N.J. Stat. Ann. §§ 52:14-17.27 through 17.28; N.J. Stat. Ann. § 52:14-17.36; *see also* N.J. Admin. Code §§ 17:9-1.1 *et seq.* (the Commission's regulations governing SHBP). Relevant here are the regulations governing the appeal process for SHBP claims decisions. The regulations provide that "[a]ny member of the SHBP who disagrees with the decision of the carrier and has exhausted all appeals within the plan . . . may request that the matter be considered by the Commission." N.J. Admin. Code § 17:9-1.3(a). The Commission's final administrative determinations are appealable to the Superior Court, Appellate Division. N.J. Admin. Code § 17:9-1.3(d).

Courts consistently interpret these regulations as requiring plaintiffs seeking reimbursement under the SHBP to exhaust administrative remedies before filing in court. *See, e.g.*, *Roche v. Aetna, Inc.*, 681 F. App'x 117, 121 (3d Cir. 2017) ("The regulations thus contemplate administrative appeals within the State Plan followed by appeals to the Commission prior to filing in court."); *Kindred Hosps. E.*, 2019 WL 643604, at *3 (following *Roche*); *Beaver v. Magellan Health Servs., Inc.*, 80 A.3d 1160, 1165 (N.J. Super. Ct. App. Div. 2013), *cert. denied*, 88 A.3d

8

190 (N.J. 2014) ("[W]e have consistently recognized the statutory and regulatory scheme that requires disputes over eligibility and benefits to be submitted first to the [Commission], and, only thereafter, to this court for resolution."). The failure to follow the administrative process has warranted dismissal as late as the summary judgment stage. *See In re LymeCare*, 301 B.R. at 678 (finding that "the additional delay that may result from" dismissal on summary judgment "is mandated by the statutory and regulatory scheme of the SHBP").

Here, the SHBP member guidebooks for 2019, 2020, and 2021 set forth the procedure for appealing adverse benefits determinations, reflecting the regulatory requirements. (*See* Ruotola Exs. 1-3.)

Mininsohn counters that the administrative-exhaustion requirement does not apply when an appeal would be futile.[4] (ECF No. 22 at 10.) For its proposition, Mininsohn cites *Carey v. United of Omaha Life Insurance Co.*[5] and *Berger v. Edgewater Steel Co.*,[6] where the courts applied the futility exception to ERISA's administration-exhaustion requirements. (ECF No. 22 at 11-12.) But as mentioned, ERISA does not apply to the SHBP. And Mininsohn does not cite precedent for applying the futility exception in the SHBP context. Even if ERISA's futility exception applied, Mininsohn's next step would be to seek relief in the Superior Court, Appellate Division. *See Beaver*, 80 A.3d at 1167 ("[T]he Court adopted [New Jersey Court Rules] 2:2-3 and 2:2-4, with the intention that 'every proceeding to review the action or inaction of a state administrative agency would be by appeal to the Appellate Division.'" (quoting *Cent. R.R. Co. of N. J. v. Neeld*, 139 A.2d 110, 117 (N.J. 1958), *cert. denied*, 357 U.S. 928 (1958))); *Advanced Rehab of Jersey*

---

[4]    Mininsohn identifies two exceptions—"if procedures are inadequate or the appeal is futile"—though Mininsohn elaborates on only the futility exception. (ECF No. 22 at 10-13.)

[5]    633 F. App'x 478 (9th Cir. 2016).

[6]    911 F.2d 911 (3d Cir. 1990).

*City v. Horizon Healthcare of New Jersey, Inc.*, No. A-3303-09T3, 2011 WL 3629176, at *3 (N.J. Super. Ct. App. Div. Aug. 19, 2011) ("The trial court, therefore, lacked any authority to consider Advanced's complaint in the first instance." (citing N.J. Ct. R. 2:2-3(a)(2))).

Based on the state regulatory scheme and SHBP member guidebooks' language, the Court finds that it lacks subject-matter jurisdiction over Mininsohn's claims for TE and JJ. Thus, those claims are dismissed without prejudice.

**B.   JT Claim**

Horizon also argues that plans covering patient JT include an anti-assignment provision, which deprives Mininsohn of standing to sue under those plans. (ECF No. 17-1 at 21-22.) The Court agrees.

Typically, "standing to sue under ERISA is 'limited to participants and beneficiaries.'" *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021) (quoting *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, Civ. No. 18-2912, 2018 WL 6567702, at *2 (D.N.J. Dec. 13, 2018)). Nevertheless, "[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary," *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015), so long as the ERISA plan does not include a valid anti-assignment clause, *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). Indeed, "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Id.*; *see Neurosurgical Assocs. of NJ, P.C. v. Aetna, Inc.*, Civ. No. 17-13210, 2019 WL 851280, at *3 (D.N.J. Feb. 22, 2019) ("[T]he *American Orthopedic* decision is consistent with a long line of decisions from this

10

district that have denied standing after finding a valid anti-assignment clause in an ERISA-governed health insurance plan.").

Here, Mininsohn alleges that JT was covered under a self-funded, ERISA-governed health benefits plan sponsored and funded by the Joint Welfare Fund, Local Union No. 164 I.B.E.W. (the "Local 164").  (ECF No. 17-1 at 12.)  In support, Horizon submits the certification of Edwin M. Hernandez, an account manager in the labor and gaming group at Horizon who handles the Local 164.  (Hernandez Cert., ECF No. 21.)  Hernandez certifies that he "reviewed Horizon's business records and consulted with the Local 164 and confirmed that patient J.T. referenced in the First Amended Complaint by initials and insurance identification number is an enrollee in the Local 164's self-funded health benefits plan."  (Hernandez Cert. ¶ 6.)  The Local 164's summary plan description covering patient JT included the following anti-assignment provision:

> **Non Assignability of Benefits**
>
> The Plan may, in its sole and exclusive discretion, make direct payments to a provider of your medical services.  However, except as applicable law may otherwise require, no amount payable for benefits here under shall be subject in any matter to alienation by assignment of any kind.  Any attempt to assign any such amount whether present or hereafter payable, shall be void.  If payment is made directly to you it would be your responsibility to pay the provider.
>
> In accordance with the Plan's claims and appeals procedures, the Plan will allow a personal representative (including a provider), authorized by a Participant or beneficiary, to act on their behalf for claims and appeal purposes only.  The Plan's recognition of such personal representative for this purpose shall not be construed as a waiver of the Plan's prohibition against assignments as indicated above.
>
> [(Hernandez Cert. Ex. 1, ECF No. 17-9 at 6.)]

The terms of this anti-assignment provision are unambiguous and, as such, must be enforced.  *Am. Orthopedic*, 890 F.3d at 453 (applying in the ERISA context "black-letter law that

the terms of an unambiguous private contract must be enforced" (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009))).

Mininsohn does not deny that JT's plan includes the above anti-assignment provision. Rather, Mininsohn objects to Horizon's reliance on documents outside the pleadings for its motion to dismiss.  But as mentioned above, the Court may review these submissions for purposes of Horizon's factual attack on subject-matter jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (requiring the court to "conduct a plenary hearing on the contested issues" only if a dispute of material fact exists); *see also Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, at *5 (D.N.J. Mar. 22, 2018) ("[C]ourts within this District routinely enforce unambiguous anti-assignment provisions contained in ERISA-governed plans, and thus, find that providers lack derivative standing to seek benefits from the plan on behalf of their patients." (collecting cases)).  As with patients TE and JJ, Mininsohn does not show that a dispute of material fact exists over JT's plan documents.

Mininsohn also counters that because anti-assignment provisions "are subject to traditional contract defenses, such as fraud, misrepresentation, . . . unconscionability," and "waiver," discovery may reveal, for instance, "whether the clauses are buried in fine print or are otherwise unconscionable."  (ECF No. 22 at 9.)  The Court finds Mininsohn's argument unconvincing.

For starters, the Local 164 anti-assignment provision is not "buried in fine print."  It appears in the same size and font type as all other provisions.  (*See* ECF No. 17-9 at 6.)  For another, Mininsohn does not support its proposed contract defenses with well-pleaded factual allegations. Factually lacking defenses cannot be used to defeat motions to dismiss.  *See, e.g.*, *BrainBuilders, LLC v. Aetna Life Ins. Co.*, Civ. No. 17-3626, 2024 WL 358152, at *5-6 (D.N.J. Jan. 31, 2024) (finding that a plaintiff did not allege sufficient facts to support a waiver defense to an ERISA-

governed plan's anti-assignment provision); *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of New Jersey*, 262 F. Supp. 3d 105, 112 (D.N.J. 2017) (noting that the plaintiff's "waiver argument, unsupported by specific factual allegations, has been rejected by" other courts in this District on Rule 12 motions).

Mininsohn's reliance on *North Jersey Brain & Spine Center v. Aetna, Inc.*[7] is also misplaced.  As the Court of Appeals clarified, *North Jersey Brain & Spine Center* "merely held— in the absence of an anti-assignment clause—that 'when a patient assigns payment of insurance benefits to a healthcare provider, [the] provider gains standing to sue for that payment.'" *Am. Orthopedic*, 890 F.3d at 450 (quoting *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372).  Because *North Jersey Brain & Spine Center* did not "address the effect or enforceability of an anti-assignment clause, . . . it has little bearing here." *Id.*

In sum, because Mininsohn is not a beneficiary or participant in the Local 164, and because the anti-assignment provision in the Local 164 plan invalidates any purported assignment of benefits to Mininsohn, Mininsohn lacks standing to pursue the claims asserted under that plan.  *See id.* at 455 (affirming dismissal of ERISA and breach-of-contract claims for lack of standing due to an anti-assignment provision in the purportedly assigned plans).  Thus, Horizon's motion to dismiss is granted on the JT claims.

## C.    GC Claim

Next, Horizon argues that a lawsuit over patient GC's plan must be brought against OPM and not against Horizon.  (ECF No. 17-1 at 24.)  Horizon submits that GC "received health benefits through the FEP, pursuant to which Horizon only provides administrative services," according to the certification of Robyn Brenner, the director of FEP at Horizon, whose certification includes a

---

[7]    801 F.3d 369, 372 (3d Cir. 2015).

copy of selected pages from the 2021 FEP covering GC.  (Brenner Cert. ¶ 5, ECF No. 17-6; Brenner Cert. Ex. A, ECF No. 17-7.)

Because Mininsohn seeks unpaid benefits under GC's plan, the plan documents are "*integral to or explicitly relied* upon in the complaint" and thus "may be considered without converting the motion [to dismiss] into one for summary judgment."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (alterations in original); *see Briglia v. Horizon Healthcare Servs., Inc.*, Civ. No. 03-6033, 2005 WL 1140687, at *3 (D.N.J. May 13, 2005) (finding that a plaintiff's claims against Horizon for wrongful denial of benefits for his treatment of certain patients were "entirely based on" those patients' benefit plans).[8]  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  *Princeton Neurological Surgery, P.C. v. Aetna, Inc.*, Civ. No. 22-1414, 2023 WL 2307425, at *3 (D.N.J. Feb. 28, 2023) (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

According to Horizon's submissions, GC's FEP appears to be part of the Federal Employee Health Benefits (FEHB) program, which is governed by the Federal Employees Health Benefits Act (FEHB Act), 5 U.S.C. §§ 8901 *et. seq.*  (*See* Brenner Cert. Ex. A, ECF No. 17-1.)  The FEHB Act authorizes OPM to contract with insurers to provide benefits to FEHB participants.  *State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 238 (D.N.J. 2002) (discussing 5 U.S.C. § 8902(a)).  "[T]o participate in the [FEHB program], insurers 'must agree to be bound by OPM's

---

[8]      Courts in other jurisdictions agree.  *See, e.g.*, *Pro. Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*, 2016 WL 6900686, at *1 n.2 (S.D.N.Y. Nov. 22, 2016), *aff'd sub nom. Pro. Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund*, 697 F. App'x 39 (2d Cir. 2017) (noting that a plan document that was "repeatedly referenced in the complaint and form[ed] the very basis for plaintiffs' claims" could be considered on a motion to dismiss).

interpretation of their contracts in disputes over individual claims.'"  *Id.* (quoting *Kennedy v.*
*Empire Blue Cross & Blue Shield*, 989 F.2d 588, 590 (2d Cir. 1993) (citing 5 U.S.C. § 8902(j))).

OPM regulations provide that lawsuits challenging the denial of FEHB benefits "must be
brought against OPM and not against the carrier or carrier's subcontractors."  5 C.F.R. §
890.107(c); *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 686-87 (2006) (noting
that 5 C.F.R. § 890.107(c) "channels disputes over coverage or benefits into federal court by
designating a United States agency (OPM) sole defendant"); *Pellicano v. Blue Cross Blue Shield*
*Ass'n*, 540 F. App'x 95, 96 n.2 (3d Cir. 2013) (noting 5 C.F.R. § 890.107(c)'s requirement to name
OPM as the sole defendant).

Here, Mininsohn names not OPM but Horizon as the defendant for the claim under GC's
FEP.  Horizon thus argues that it must be dismissed so that Mininsohn can name OPM as the
proper defendant.

Mininsohn does not contest the authenticity of the FEP documents submitted with
Brenner's certification.   Nor does Mininsohn address Horizon's argument about section
890.107(c)'s requirement to name OPM as the sole defendant.  Mininsohn's "failure to respond to
the pertinent . . . argument acts as a concession of that argument."  *Sang Geoul Lee v. Won Il Park*,
720 F. App'x 663, 666 (3d Cir. 2017) (citing *Griswold v. Coventry First LLC*, 762 F.3d 264, 274
n.8 (3d Cir. 2014); *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d
Cir. 1997)).

Based on the relevant OPM regulation and courts' interpretations of it, the Court finds that
Horizon is not the proper defendant in Mininsohn's suit challenging the denial of benefits under
GC's FEP.  Thus, Horizon's motion to dismiss is granted on the GC claim.  *See In re LymeCare*,
301 B.R. at 673 (dismissing based on section 890.107(c)'s "clear mandate"); *Pellicano v. Blue*

*Cross Blue Shield Ass'n*, Civ. No. 11-406, 2012 WL 425239, at *6 (M.D. Pa. Feb. 8, 2012)

(granting motion to dismiss claims against non-OPM defendants, in part pursuant to section

890.107(c)).[9]

### D.     KT, MB, & AL Claims

Finally, Horizon argues that according to the complaint, patients KT, MB, and AL were

covered by plans issued or administered by "Empire BCBS," not by Horizon.  (ECF No. 11 at 3,

¶ 3; ECF No. 17-1 at 25.)  Horizon contends that "Empire BCBS" abbreviates "Empire Blue Cross

Blue Shield," an "independent licensee of the Blue Cross Blue Shield Association . . . not within

the same corporate family as Horizon."  (ECF No. 17-1 at 25 n.2.)  Horizon also submits that it

has "no record of Horizon issuing and/or administering one or more health benefits plans to

members with the same insurance identification numbers and initials K.T., M.B., and/or A.K. as

---

[9]     Even if Horizon were a proper defendant, both of Mininsohn's claims for benefits under GC's plan would still fail.  First, FEHBA plans are "government plans" excluded from ERISA requirements.  *Abira Med. Lab'ys, LLC v. Nat'l Ass'n of Letter Carriers Health Benefit Plan*, Civ. No. 23-5142, 2024 WL 1928680, at *4 (D.N.J. Apr. 30, 2024) (citing *California Spine & Neurosurgey Inst. v. Nat'l Ass'n of Letter Carriers Health Benefit Plan*, 548 F. Supp. 3d 934, 937, 943 (N.D. Cal. 2021); *In re LymeCare*, 301 B.R. at 668; *see* 28 U.S.C. §§ 1003(b) and 1002(32). (ECF No. 23 at 12-13.)  Second, though the parties did not raise the issue, the FEHBA preempts Mininsohn's state law breach-of-contract claim over the denial of benefits under GC's plan.  *See also Takiedine v. 7-Eleven, Inc.*, Civ. No. 17-4518, 2021 WL 3223070, at *9 n.12 (E.D. Pa. July 29, 2021) (noting that courts may reach questions of federal preemption sua sponte); *see also In re LymeCare*, 301 B.R. at 668 ("[T]he plaintiffs cannot succeed on state law breach of contract grounds because the FEHBA completely preempts such state law claims."); *see Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891, 904 (5th Cir.), *cert. denied*, 144 S. Ct. 99 (2023) (analogizing ERISA's preemption of state law "actions that seek '[d]amages for failure to provide benefits'" to preemption under FEHBA (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 47-48 (1987))).  In an analogous context, courts found that ERISA might not preempt breach-of-contract claims that arise from an agreement independent of the ERISA-governed plan.  *Princeton Neurological*, 2023 WL 2307425, at *6; *c.f. BrainBuilders*, 2024 WL 358152, at *11 ("[W]here a complaint suggests that an out-of-network provider is seeking to enforce an obligation based not on an ERISA-governed plan but on independent representations or agreements between the provider and the insurer, district courts find common law claims to not be preempted.").  But here, Mininsohn does not allege an agreement independent of the FEP.

alleged in paragraph 3 of the First Amended Complaint," according to the certification of Michelle Ganguly, an analyst for appeals and litigation document requests at Horizon.  (Ganguly Cert. ¶ 4, ECF No. 17-8.)

Mininsohn does not at all address Horizon's argument as to patients KT, MB, and AL.  As mentioned, a plaintiff's failure to substantively oppose a defendant's argument typically acts as a concession of that argument.  *See O'Neal v. Middletown Twp.*, Civ. No. 18-5269, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) (citations omitted).

But here, Horizon does not submit evidence establishing—for purposes of a Rule 12(b)(6) motion—that it is not involved with the "Empire BCBS" plans listed in the complaint.  For its footnoted assertion that "Empire BCBS" is "an independent licensee of the Blue Cross Blue Shield Association and is not within the same corporate family as Horizon," Horizon cites only https://www.anthembluecross.com/faq—a website whose contents do not deserve judicial notice by the Court.  (ECF No. 17-1 at 25 n.2.)  Indeed, "private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned' that our judicial notice rule contemplates."  *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (quoting Fed. R. Evid. 201(b)); *c.f. Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 458 n.1 (D.N.J. 2023) ("The Court may take judicial notice of information published to government websites on a motion to dismiss without converting it into a motion for summary judgment.").  And Ganguly's certification does not include any uncontroverted information proving Horizon's separateness from "Empire BCBS."  *C.f. Rivera v. Wal-Mart Stores, Inc.*, Civ. No. 05-4416, 2005 WL 2862246, at *1 (E.D. Pa. Oct. 31, 2005) (granting a motion to dismiss where the plaintiff named the wrong corporate defendant and defendant provided an affidavit proving corporate separateness).  So although Mininsohn does not

address whether KT, MB, and AL were covered by Horizon-affiliated plans, the Court cannot infer from the record at this stage that Horizon's submissions prove that they were not.

Thus, Horizon's motion to dismiss is denied on the KT, MB, and AL claims.

IV.    **CONCLUSION**

For the reasons set forth above, and other good cause shown, Horizon's motion to partially dismiss Mininsohn's amended complaint is **GRANTED** in part and **DENIED** in part. Mininsohn's claims for patients TE, JJ, JT, and GC are dismissed without prejudice. Mininsohn's claims for KT, MB, and AL, as well as the rest of the patients claims listed in the complaint, may proceed.  An appropriate Order follows.


Dated: August 30, 2024

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

18